# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

No. 24-10059
Summary Calendar

————————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Osiel Huertas,

*Defendant—Appellant*.

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-196-1

————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Osiel Huertas appeals his conviction and sentence for illegal reentry into the United States after having been previously removed in violation of 8 U.S.C. § 1326(a) and (b)(1). For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10059

§ 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. His 64-month term of imprisonment exceeds the maximum in § 1326(a), and his three-year term of supervised release is only authorized by § 1326(b), by virtue of 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).

Huertas acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he nevertheless seeks to preserve it for possible Supreme Court review. The Government has moved, without opposition, for summary affirmance or, alternatively, for an extension of time to file its brief.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Huertas is thus correct that his argument is foreclosed. Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.